IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Prieve, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2490 |
| I.C. System, Inc., a Minnesota corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dennis Prieve, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.    Plaintiff, Dennis Prieve ("Prieve"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T.

4.    Defendant, I.C. System, Inc. ("IC System") is a Minnesota corporation that

1

acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, IC System was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

### FACTUAL ALLEGATIONS

5. Due to financial difficulties, Mr. Prieve was unable to pay his debts, including one he allegedly owed for an AT&T account. Moreover, Mr. Prieve will likely have to file for bankruptcy and has consulted with an attorney to represent him as to his debts.

6. When Mr. Prieve's account was referred to Defendant IC System for collection, it sent Mr. Prieve an initial collection letter, dated March 21, 2012, demanding payment of the alleged AT&T debt. A copy of this letter is attached as Exhibit A.

7. Moreover, on March 22, 2012, one of Defendant's debt collectors called Mr. Prieve to demand payment of the AT&T debt. Accordingly, Mr. Prieve told the debt collector that he could not pay the bill and was represented by an attorney as to his debts. Additionally, Mr. Prieve offered to provide debt collector with the contact information for his attorney.

8. Defendant IC System's debt collector refused to take down the attorney's contact information and stated that IC System "does not do that" and that IC System "would continue to call" as long as it wanted to, unless the attorney directly contacted IC System.

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violations Of § 1692e Of The FDCPA --
### False, Deceptive, Or Misleading Collection Actions

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e. Moreover, § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

13. Thus, Defendant IC System's failure to take down the attorney contact information, and threat to keep calling, was false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.

14. Defendant's violation of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violations Of § 1692f Of The FDCPA --
### Use of Unfair or Unconscionable Collection Means

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

17. Defendant IC System's refusal to take down attorney contact information, and threat to continue to call Mr. Prieve, is an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

18. Defendant's violation of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dennis Prieve, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dennis Prieve, demands trial by jury.

Dennis Prieve,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: April 4, 2012

4

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com